# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DANIEL WHITE, and DAN WHITE FAMILY TRUST,<br>*Plaintiffs*<br><br>v.<br><br>ROMSPEN MORTGAGE LIMITED PARTNERSHIP, ROMSPEN INVESTMENTS CORPORATION, CHRISTOPHER MILAM, ADAM ZARAFSHANI, PANACHE CONSTRUCTION AND DEVELOPMENT, INC., WESLEY ROITMAN, RICHARD WELDON,<br>*Defendants* | §§§§§§§§§§§§§§§§§§<br><br>No. A-21-CV-00517-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Panache Defendants' Opposed Motion to Strike Plaintiffs' Second Amended Complaint, Dkt. 59, Romspen Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, Dkt. 60, and Romspen Defendants' Request for Expedited Status Conference, Dkt. 61. All three motions were filed on December 23, 2021. Plaintiffs have not filed a response.[1]

---

[1] Plaintiffs, instead of filing a response to the referred motions listed above, filed a response, Dkt. 62, on January 3, 2022, to various pending motions to dismiss. The District Court had ordered a response to the motions to dismiss filed by a deadline of December 20, 2021. Plaintiffs missed that deadline and still have not responded to the Motions to Strike the Amended Complaint.

1

## I.   BACKGROUND

Plaintiff Daniel White, in his Amended Complaint, Dkt. 1, alleges that Defendants Romspen Mortgage Limited Partnership, Romspen Investments Corporation, Christopher Milam, Adam Zarafshani, and Panache Construction and Development, Inc., while acting as his trustees, through fraud, breach of fiduciary duty, breach of contract, as well as other means, harmed White in the course of his investment in Texas property.  On July 1, 2021, White filed an Amended Complaint, Dkt. 4. On December 20, 2021, White filed another Second Amended Complaint, adding the Dan White Family Trust as a plaintiff. Dkt. 57

Two groups of Defendants file separate motion to strike the Second Amended Complaint White filed on December 20, 2021. Defendants Adam Zarashani and Panache Construction and Development move to strike the Second Amended Complaint on the basis that the time to amend pursuant to Federal Rule of Civil Procedure 15(a)(1) and Local Rule CV-15 has expired. Additionally, the Panache Defendants point out that on December 7, 2021, the Court granted White's Motion for Leave to File Response to Motion to Dismiss and ordered White to file a response no later than December 20, 2021. Instead, White filed an Amended Complaint. The Panache Defendants move to strike the Second Amended Complaint on the basis that it was filed without leave of Court and outside the time limits delineated by Rule 15 and Local CV-15, and that White violated the Court's Order.

The Romspen Defendants, Romspen Mortgage Limited Partnership, Romspen Investment Corporation, Blake Cassidy, Mark Hilson, Joel Mickelson, Wesley

Roitman, Sheldon Esbin, Arthur Resnick, Richard Weldon, Peter Oelbaum, Mary Gianfriddo, Arnie Bose, Vitor Fonseca, Pierre Leonard and Spiros Maliagros, join in the Panache Defendants' arguments. Additionally, they assert that Plaintiffs' Second Amended Complaint was filed only for the purposes of delay and violates the Bankruptcy Court's Order, which allegedly dismissed similar claims with prejudice. The Romspen Defendants additionally request an expedited status conference regarding the improperly filed Second Amended Complaint.

## II.   DISCUSSION

Federal Rule of Civil Procedure 15(a)(1) provides that "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Local Rule CV-15 of the Local Rules for the Western District of Texas similarly provides that a party that amends a pleading "as a matter of course" need not file a motion for leave to amend.

In this case, the parties most recently filed two motions to dismiss on October 27, 2021. Dkts. 52 and 53. By the undersigned's calculation, based upon the filing date of the most recent motion to dismiss, White could timely amend his Complaint up until November 17, 2021. However, White failed to meet this deadline, not filing his Amended Complaint until over a month later. Additionally, he failed to avail

himself of the other option offered by Rule 15(a)(2), by failing to garner the consent of the opposing parties or to request the Court's leave. While a "court should freely give leave when justice so requires," a party must first ask the district court for leave to amend. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals."). Accodringly, the undersigned concludes that Plaintiff's Second Amended Complaint should be stricken.

The Romspen Defendants request an expedited status conference to address the issues in its motion. The undersigned finds that in light of the relief afforded above, a status conference is not necessary and Romspen Defendants' Request for Expedited Status Conference, Dkt. 61, is, therefore, **DENIED**.

### III.     RECOMMENDATION AND ORDER

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Panache Defendants' Opposed Motion to Strike Plaintiffs' Second Amended Complaint, Dkt. 59, **GRANT** Romspen Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, Dkt. 60, and **STRIKE** Plaintiffs' Second Amended Complaint, Dkt. 57.

Romspen Defendants' Request for Expedited Status Conference, Dkt. 61, is **ORDERED DENIED**.

Having addressed all the referred motions, this cause of action is **ORDERED REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 12, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE